THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ROBERT EWING, IV AND FAUSTENA EWING** | * | **CIVIL ACTION NO. 07-1061** |
| | * | **JUDGE HICKS** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **MERRILL LYNCH PIERCE FENNER & SMITH INC.** | | |

## MEMORANDUM RULING AND ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed Motion to Stay and Compel Arbitration[1] filed by Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") (Doc. #9). For the reasons stated below the Motion to Stay and Compel Arbitration is **GRANTED**.

## STATEMENT OF FACTS

Plaintiffs Robert Ewing and Faustena Ewing filed a Petition in Louisiana state court, "for breach of contract, malfeasance and negligence, loss of consortium, and damages." In the Petition, Plaintiffs allege that Defendant acted fraudulently and in breach of contract in connection with its employment of Robert Ewing as a financial analyst. Plaintiffs allege that this misconduct by Defendant caused damages to both Robert Ewing (in the form of damage to his professional reputation, lost earnings, emotional distress, etc.) and to his wife, Faustena Ewing

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

(loss of consortium).

When Robert Ewing began working for Defendant, he signed a Uniform Application for Securities Industry Registration or Transfer ("Form U-4").  Form U-4 states in paragraph 5, "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in Item 10."  In the box marked as "Item 10," the box for "NASD" was marked with an "X," indicating Robert Ewing's registration with the National Association of Securities Dealers ("NASD").  NASD Code of Arbitration, Section 10101, which was in effect when Robert Ewing signed the Form U-4, requires that "any dispute, claim, or controversy . . . arising out of the employment or termination of employment of associated person(s) with any member" be arbitrated.  Under the By-Laws of the NASD, art. I(rr), an "associated person" includes "a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member; therefore, Robert Ewing is an associated person under the NASD rules.  Defendant is a member of NASD.

## LAW AND ANALYSIS

The decision to compel arbitration is distinct from that to stay the proceedings.  Hence, they are considered separately.

**I.     ARBITRATION COMPELLED**

The Federal Arbitration Act ("FAA") provides for the enforcement of private arbitration agreements:

> **A written provision in** any maritime transaction or **a contract** evidencing a transaction involving commerce **to settle by arbitration** a controversy thereafter arising out of such contract or transaction . . . **shall be valid, irrevocable, and enforceable**, save upon such grounds as exist at law or in equity for the revocation

of any contract.

9 U.S.C.S. § 2 (2000) (emphasis added).  Thus, the FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, at 219 (1985)).

Courts undertake a two-step inquiry when considering motions to compel arbitration. *Washington Mut. Fin. Group v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).  The first step requires a finding that the parties agreed to arbitrate the dispute at issue.  *Id.*  Second, upon such a finding, the Court must consider whether any federal statute or policy renders the claims nonarbitrable.  *Id.*

A.      **The Parties in this Case Agreed to Arbitrate the Dispute at Issue.**

This first determination requires two considerations**:** "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996)**.**  While state law governs the first consideration, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Id.* at 258.

In this case, it is undisputed that the parties entered into a valid agreement to arbitrate employment disputes, and it is clear that the Plaintiffs' claims arise out of Robert Ewing's employment by Defendant.  In fact, each claim arises from Defendant's alleged misconduct as Robert Ewing's employer (e.g., improperly contacting Ewing's clients, unfairly distributing earnings, and damaging Ewing's professional reputation). Given the nature of the claims and the federal policy favoring arbitration, this Court finds that the

claims arise out of Robert Ewing's employment and are therefore within the scope of the arbitration agreement.

As to the second inquiry, the parties have pointed to no statute or policy that would render the claims nonarbitrable, and this court is unaware of none. Consequently, this Court will GRANT the motion to compel arbitration.

## II.   PROCEEDINGS STAYED

The FAA provides this Court with the authority to stay the proceedings to be arbitrated until the compelled arbitration is completed consistent with the terms of the agreement. 9 U.S.C.S. § 3. Hence, all of Plaintiffs' claims alleging injury or damages to Robert Ewing will be stayed.

The only remaining issue is whether the one remaining claim, Faustena Ewing's claim for loss of consortium, should be stayed as well. Unlike the claims brought by Robert Ewing, Faustena Ewing's claim is not subject to arbitration under the U-4 Form. However, her claim can be stayed nonetheless if to allow it to move forward would thwart the federal policy in favor of arbitration. *Harvey v. Joyce*, 199 F.3d 790, 795-96 (5th Cir. 2000). In *Harvey v. Joyce*, the court held that where a claim is "based on the same operative facts and [is] inherently inseparable" from the claims to be arbitrated, the order to stay pending arbitration may include that claim as well. *Id.*

The loss of consortium claim is "dependent on a primary tort to another person." *Landry v. Avondale Indus.*, 864 So. 2d 117, 126 (La. 2003). Indeed, Plaintiffs' Petition alleges that Faustena Ewing suffered injury only as a result of the damages caused to Robert Ewing. Consequently, in order to adjudicate the claim alleging injury to Faustena Ewing, it would also be necessary to consider her husband's claims. Since Faustena

Ewing's claim is inherently inseparable from those of Robert Ewing, her claims will be stayed as well.

For the reasons stated above, Defendant's Motion to Stay and Compel Arbitration (Doc. #9) is **GRANTED. The parties are hereby ordered to Arbitrate the claims of Robert Ewing, and this matter is STAYED in its entirety pending the outcome of arbitration proceedings**.

**THUS DONE AND SIGNED** this 29th day of August, 2007, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE